1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

OMER MOHAMED,

                Petitioner,

    v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. CV 20-00483-PD

**ORDER DISMISSING
PETITION FOR WRIT OF
HABEAS CORPUS AS MOOT**

17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

Petitioner Omer Mohamed, an inmate at the Federal Correctional Institution in Victorville, California, filed a "Motion to Dismiss Immigration Detainer," which the Court construed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  [Dkt. Nos. 1, 3.]  Petitioner alleges that on August 1, 2018, the Department of Homeland Security ("DHS") lodged a detainer against him stating "that probable cause exists that he is a removable alien." [*Id*. at 1.]  He argues that he is not removable because he entered the United States as a minor with his parents, and his parents both became naturalized citizens before his eighteenth birthday.  He asks the Court to dismiss the immigration detainer.  [Id at 2, 3.]

1
2
3
4
5
6
7
8

The Court ordered the government to respond.  On June 11, 2020, the government filed a notice stating that the detainer has been withdrawn.  Specifically, the government stated that on June 9, 2020, DHS cancelled the immigration detainer, which was originally issued in August 2018, and there are no outstanding immigration detainers related to Petitioner.  [*See* Dkt. No. 11-1, Declaration of Brian Peterson at ¶ 10.]  The government contends that because dismissal of the detainer is the only relief sought by Petitioner, the case is moot and should be dismissed.

9
10
11
12
13
14

On July 1, 2020, the Court issued an order requiring Petitioner to file a response to the government's notice and argument by July 20, 2020.  [Dkt. No. 13.]  The Order advised Petitioner that if he elected not to file a response, the case would be dismissed.  To date, Petitioner has not filed any response to Respondent's notice and argument.  For the following reasons, the Petition is dismissed as moot.

15

## II.     DISCUSSION

16

### A. Dismissal is Warranted Because the Petition is Moot

17
18
19
20
21
22
23
24
25
26
27
28

Article III of the Constitution "limits the jurisdiction of the federal courts to live cases and controversies."  *Kittel v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010) (citations omitted); *see also Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants.").  An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake in the outcome" of the lawsuit and suffers some actual injury that is likely to be "redressed by a favorable judicial decision."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  When, because of events that occur after a case is initiated, a court cannot give any effectual relief in favor of the petitioner, the proceeding becomes moot. *Calderon v. Moore,* 518 U.S. 149, 150 (1996) (citation omitted); *see also*

1   *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) ("In general, a case becomes moot

2   when the issues presented are no longer live or the parties lack a legally

3   cognizable interest in the outcome.") (citations and internal quotation marks

4   omitted).  Since mootness is a jurisdictional bar, moot petitions should be

5   dismissed.  *Kittel,* 620 F.3d at 951–52.

6          Here, Petitioner requested dismissal of the immigration detainer.

7   Because the immigration detainer has been withdrawn and Petitioner is not

8   in ICE custody, there is no further relief that this Court can provide.  *See*

9   *Powell v. United States Marshal Office*, 2009 WL 839999 at *4 (E.D. Cal.

10  March 30, 2009) (holding claim challenging immigration detainer was

11  rendered moot once the petitioner was no longer being detained pursuant to

12  that detainer).

13         There is an exception to the mootness doctrine for cases that are

14  "capable of repetition, yet evading review."  *Spencer*, 523 U.S. at 17.  However,

15  this exception is limited to extraordinary cases where (1) the duration of the

16  challenged action is too short to allow for full litigation before it ends, and

17  (2) there is a reasonable expectation that the petitioner will be subjected to

18  the challenged action again.  *Id.*

19         Here, Petitioner has not alleged or shown that there is a reasonable

20  expectation he will be subjected to an immigration detainer again.  Moreover,

21  if he was subjected to an immigration detainer, there is no reason why he

22  could not file a new habeas corpus petition concerning any future alleged

23  violation of his liberty interest.  As such, the Petition should be dismissed as

24  moot.

25

26

27

28

1

## III.   ORDER

2       ACCORDINGLY, IT IS ORDERED that the government's request to

3   dismiss the Petition is granted and that Judgment be entered dismissing the

4   Petition as moot.

5   DATED:  September 04, 2020

6

7   *Patricia Donahue*

8   PATRICIA DONAHUE
    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28